UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Moran, on behalf of himself
and all others similarly situated,

       Plaintiff,

v.                                                        Civil No. 10-3031 (JNE/FLN)
                                                      ORDER

Lurcat, LLC, d/b/a Café Lurcat,

       Defendant.

This matter came on for hearing before the undersigned United States District Judge on July 21, 2011, upon Plaintiff's unopposed motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set forth in a Stipulation of Settlement dated July 7, 2011 ("Stipulation") signed by Plaintiff Keith Moran and Defendant Lurcat, LLC, d/b/a Café Lurcat.  All capitalized terms in this Order shall have the meanings given them in the Stipulation.

Plaintiff was represented by his counsel Thomas J. Lyons and Trista M. Roy, Lyons Law Firm, P.A., and Consumer Justice Center ("Class Counsel").  Defendant Lurcat, LLC, d/b/a Café Lurcat ("Lurcat") was represented by its counsel, Joseph M. Windler, Winthrop & Weinstine, P.A.

The Court having heard the arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

    1.    The representations, agreements, terms, and conditions of the parties' Proposed

Settlement, as embodied in the Stipulation and the exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2. For purposes of the Proposed Settlement only, the Court hereby certifies a plaintiff class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All persons who, during the time period from July 16, 2008, through January 18, 2009, inclusive, used a credit or debit card at Lurcat and received a copy of Lurcat's receipt that contained the credit or debit card's unredacted expiration date. Excluded from the Lurcat Settlement Class are current agents and employees of Lurcat, D'Amico Kitchen, Campiello, D'Amico & Sons, and Masa.

The foregoing is the "Lurcat Settlement Class," and its members are "Class Members."

In support of this Lurcat Settlement Class, the Court finds as follows:

The parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

- Whether there was a willful violation of FACTA with respect to any persons who received a credit or debit card receipt from Lurcat that contained an unredacted credit or debit card expiration date.

Plaintiff's claims are typical of the claims of the members of the Lurcat Settlement Class. Plaintiff is a member of the Lurcat Settlement Class and alleges that the same conduct of Lurcat applies to him as well as the other members of the Settlement Class. Plaintiff's claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiff and other members of the Settlement Class are based upon corresponding theories.

Plaintiff, as Class Representative, and Class Counsel, can fairly and adequately represent the interest of the Lurcat Settlement Class.

Questions of law and fact common to all members of the Lurcat Settlement Class predominate over any questions affecting individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

3. If for any reason the Stipulation ultimately does not become effective, Lurcat's conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before May 4, 2011; and nothing stated in the Stipulation or in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

4. Having reviewed the proposed form of Notice of Proposed Class Action Settlement attached as Exhibit C to the Stipulation ("Notice of Hearing"), as well as the Legal Notice attached as Exhibit B to the Stipulation ("Legal Notice"), the Court hereby approves each of them and directs that Lurcat cause the Legal Notice submitted as Exhibit B to be published as a 1/8 page notice in the Minneapolis Star Tribune, and City Pages once each per week for two consecutive weeks and the Minneapolis/St. Paul Magazine once in the monthly issue. The Court further directs that the Notice of Hearing attached as Exhibit C to the Stipulation be posted on the Lurcat Minneapolis webpage until four weeks from the last date of the afore-mentioned publication.

5. The Court finds and determines that notice given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said

notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Fed. R. Civ. P. 23.

6.      Any Class Member who desires to request exclusion from the Lurcat Settlement Class must serve a written Statement of Exclusion in the form and manner required by the Notice of Hearing. Such Statement of Exclusion must be served upon and received by the following counsel:

> Lurcat Settlement
> c/o Matthew McBride
> Winthrop & Weinstine, P.A.
> Capella Tower
> 225 South Sixth Street, Suite 3500
> Minneapolis, MN 55402
>
> Lyons Law Firm P.A.
> Consumer Justice Center P.A.
> 367 commerce Court
> Vadnais Heights, MN 55127

7.      A hearing will be held before the Honorable Joan Ericksen, United States District Judge, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, Courtroom 12W at 9:30 a.m. on November 10, 2011 ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Stipulation should be approved as fair, reasonable, adequate, and in the best interests of the Lurcat Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Keith Moran and the Class Members with prejudice and on the merits, as required by the Stipulation; and (c) whether to approve, with or without modification, the Class Representative's application for an award of a Class Representative fee and of attorneys' fees, costs, expenses, and disbursements of Class Counsel ("Fee Petition"). The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

8.      Within 45 days of the entry of this Order, Lurcat shall cause a declaration to be

filed with the Court certifying that notice has been provided to the Lurcat Settlement Class as directed in this Order and that notice has been provided to the appropriate federal and state officials as required by 28 U.S.C. § 1715.

    9.    Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Lurcat Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Hearing.  Such written objections must be addressed to the Clerk of the Court; must be filed with, and received by, the Clerk of the Court no later than September 26, 2011; must contain the objector's full name and current address; must declare that the objector was provided a credit or debit card receipt by Lurcat between July 16, 2008 and January 18, 2009, inclusive, that contained the card's unredacted expiration date; must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore; and must include all documents and other writings the objector wishes the Court to consider.  Copies of all materials must be filed with the Clerk of Court and served upon each of the following counsel on or before September 26, 2011:

        Clerk of Court
        United States Courthouse
        300 South Fourth Street Suite 202
        Minneapolis, MN 55414

        Thomas J. Lyons
        Lyons Law Firm, P.A.
        367 Commerce Court
        Vadnais Heights, Minnesota 55127

        Trista M. Roy
        Consumer Justice Center P.A.
        367 Commerce Court
        Vadnais Heights, Minnesota 55127

     Mathew R. McBride
     Winthrop & Weinstine, P.A.
     Capella Tower
     225 South Sixth Street, Suite 3500
     Minneapolis, MN 55402

  10. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required herein and by the Notice of Hearing.  Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred form raising such objections in this or any other action or proceeding.

  11. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against Lurcat or its affiliates any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 8 of the Stipulation, if the Court approves the Proposed Settlement.

  12. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiff and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against Lurcat or its affiliates any claims that are being released in accordance with paragraph 8 of the Stipulation and Plaintiff and all Class Members shall be conclusively deemed to have released any and all such claims.

  13. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms

in the Stipulation, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members, who have affirmed they meet the eligibility criteria set forth in the Stipulation by applying for a Settlement Gift Card on the Settlement Gift Card Online Application as described in paragraph 5(b) of the Stipulation no later than September 26, 2011, and who have not requested exclusion, shall be entitled to a Settlement Gift Card as described in paragraph 5(c) of the Stipulation.

14. The parties entered into the Stipulation solely for the purpose of compromising and settling disputed claims. Lurcat has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiff in this Action and any liability of any sort to Plaintiff or any member of the Lurcat Settlement Class. Nothing contained in the Stipulation, in any document relating to the Stipulation, or in this Order, shall be construed, deemed or offered as an admission by Keith Moran or Lurcat, or by any member of the Lurcat Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

15. The parties are ordered to take all reasonable steps necessary to complete this settlement in compliance with the following timeline:

- Accomplish publication of Legal Notice: July 28, 2011.

- Accomplish setup and functioning website: July 28, 2011.

- Deadline for Objections, Statements of Exclusion, and Settlement Gift Card Online Applications: September 26, 2011.

- Lurcat to provide report of Settlement Gift Card Online Applications, Statements of Exclusion, and website hits to Plaintiff's counsel: October 6, 2011.

- Final Approval Motion: October 25, 2011.

- Attorney Fee and Class Representative Award Motion: November 3, 2011.

- Final Approval Hearing: 9:30 a.m. on November 10, 2011.

- Fund Settlement and Distribute Settlement Gift Cards within 100 days after the Effective Date.

- Honor Class Members' Settlement Gift Cards until one year after date of issuance.

- Lurcat will provide the cy pres by one year measured from the Effective Date.

16. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing later.

Dated: July 21, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge