UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Moran, on behalf of himself and all
others similarly situated,

No.: 10-cv-03031 (JNE/FLN)

Plaintiff,

vs.

**ORDER FOR FINAL JUDGMENT**

Lurcat, LLC, d/b/a Café Lurcat,

Defendant.

Plaintiff Keith Moran and Defendant Lurcat, LLC, d/b/a Café Lurcat ("Lurcat"), in the above-captioned class action ("Action") entered into a Stipulation of Settlement dated July 7, 2011 ("Settlement"). On July 21, 2011, the Court entered an Order preliminarily approving the proposed class action settlement ("Preliminary Approval Order"), which : 1) preliminarily approved the Settlement; 2) for purposes of the Settlement, certified a plaintiff class to form the Lurcat Settlement Class; 3) approved the form and method of notice of the Settlement to members of the Lurcat Settlement Class; 4) directed that appropriate notice of the Settlement be given to the Lurcat Settlement Class; and 5) set a hearing date for final approval.

In its Preliminary Approval Order, the Court defined the Lurcat Settlement Class as follows:

> All persons who, during the time period from July 16, 2008, through January 18, 2009, inclusive, used a credit or debit card at Lurcat and received a copy of Lurcat's receipt that contained the credit or debit card's unredacted expiration date. Excluded from the Lurcat Settlement Class are current agents and employees of Lurcat, D'Amico Kitchen, Campiello, D'Amico & Sons, and Masa.

Notice of Settlement was published in the Minneapolis Star Tribune, City Pages once each per week for two consecutive weeks and the Minneapolis/St. Paul Magazine for one monthly issue and was posted on the Lurcat Minneapolis webpage.

_0_ Class Members have chosen to be excluded from the Lurcat Settlement Class by filing timely Statements of Exclusion.

On November 10, 2011, at the Federal District Court located at 300 South Fourth Street, Minneapolis, MN 55415, the Court held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interest of the Lurcat Settlement Class ("Settlement Hearing").  At the Settlement Hearing, Plaintiff and the Class were represented by Lyons Law Firm, P.A. and Consumer Justice Center, P.A., ("Class Counsel").  Lurcat was represented by Winthrop & Weinstine, P.A.

The Court having heard arguments of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has personal jurisdiction over Plaintiff, Lurcat, and the Class Members and subject matter jurisdiction over the Action and the Settlement.

B. The provisions of the Preliminary Approval Order that conditionally certified the Lurcat Settlement Class should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure Section 23(e) for the purposes of implementing the terms provided for in the Settlement.

C. The Preliminary Approval Order required Lurcat to file a declaration of compliance with the notice provisions of that Order.  Pursuant to the Preliminary Approval Order, Lurcat has filed the required declaration.

D. The form, content, and method of dissemination of the notice given to the Lurcat Settlement Class were adequate and reasonable, and constituted the best notice practicable under

the circumstances. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

E. The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Lurcat Settlement Class.

F. Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G. No objections to the Settlement have been filed.

H. Plaintiff and all Class Members (except those who timely filed Statements of Exclusion), all and each of them, are hereby bound by the terms of the Settlement set forth in the Stipulation of Settlement.

I. The provisions of the Stipulation of Settlement, including definitions of the terms used therein, are hereby incorporated by references as though fully stated herein.

**IT IS HEREBY ORDERED** that:

1. The Settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Lurcat Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement. Upon the Settlement becoming effective, as defined in the Stipulation, Lurcat will provide the relief to the Class Members in the manner and at the times provided for in the Stipulation.

2. Judgment shall be, and hereby is, entered dismissing all claims that were or could have been asserted in this action by Plaintiff and the Class Members with prejudice, on the merits, and without taxation of costs in favor of or against any party.

3.     Plaintiff and all Class Members are hereby conclusively deemed to have forever released, relieved, discharged, covenanted not to sue or proceed in any way against, and consent to be enjoined from suing (i) Lurcat; (ii) all entities that are direct or indirect parents or subsidiaries of Lurcat; (iii) all entities that are directly or indirectly under common control with Lurcat; (iv) all partnerships, insurers, indemnitors, attorneys, heirs, predecessors, successors, and assigns of Lurcat; and (v) all past and present employees, agents, officers, shareholders, partners, representatives and directors of Lurcat ("Released Parties"), from and for any and all actions, causes of action (in law or equity), suits, claims, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs, and expenses (including attorney fees), known and unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, which they have, will have, had, ever had, claim to have, claim to have ever had, against any of the Released Parties based in whole or in part on, arising out of, or related in any way to the violation or alleged violation of the Fair and Accurate Credit Transactions Act (15 U.S.C. § 1681c(g)), including: (i) the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in the Action; and (ii) credit and debit card receipts provided by Lurcat. All of the above are referred to collectively as the "Settled Claims."

4.     Solely with respect to Settled Claims, Plaintiff and all Class Members are hereby adjudged to have expressly waived or relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any statute or law which might otherwise render a release unenforceable with respect to the Settled Claims.

5.     Plaintiff and all Class Members in the Lurcat Settlement Class are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which they or any of

them had or may have against the Released Parties, or any of them, arising out of, based upon, or otherwise related to the Settled Claims described above.

6.   The Court hereby decrees that neither the Stipulation of Settlement nor this final judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any of them, of any liability or wrongdoing. This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

7.   The parties to the Stipulation of Settlement, and their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this final judgment, or the administration of the gift cards to Class Members, except for their own willful misconduct.

8.   Class Counsel are awarded attorney's fees and reimbursement of expenses, costs, and disbursements in the Action collectively in the amount of $50,000. The Plaintiff, as class representative, is awarded the total amount of $5,000 for reimbursement of his time, risk, and contributions made toward securing the benefits for the Class Members. Such amounts as awarded shall be paid by Lurcat within five business days of the date that the final judgment becomes effective, as defined in the Stipulation of Settlement.

9.   *Cy Pres*. There were up to a maximum number of potentially offending receipts of 1,876 issued by Lurcat during the class period for a total class benefit of $178,220.00. There were 24 claims submitted to receive a ninety-five ($95.00) dollars Gift Card for a total of $2,280.00. Lurcat agreed to donate to a charity of the parties' choice money totaling a value of 20% of the face value of the unclaimed Gift Cards for a total value of $35,188.00. Lurcat is to issue ninety-five ($95.00) dollars Gift Card to the twenty-four (24) Lurcat Class Members and donate $35,188.00 as follows:

      a. $10,000 to Second Harvest Heartland, 140 Jervis, St. Paul, Minnesota 55109;

      b. $10,000 to Sharing and Caring Hands, 525 North 7th Street, Minneapolis, Minnesota 55405;

      c. $10,000 to Project Turnabout, 660 18th Street, P.O. Box 116, Granite Falls, Minnesota 56241; and

      d. $5,188 to Minnesota Chapter Federal Bar Association (*Pro Se* Project), Rachel K. Zimmerman, Merchant & Gould, P.C., 3200 IDS Center, 80 South 8th Street, Minneapolis, Minnesota 55402.

10.    The Court hereby retains and reserves jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Stipulation of Settlement and this Order for Final Judgment.

11.    In the event that this judgment does not become "Final" in accordance with paragraphs 3 or 4 of the Stipulation of Settlement, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement, and this Order for Final Judgment shall be vacated.  In such event, all orders entered in connection with the Settlement shall be null and void.  In such event, the Action shall return to its status prior to May 4, 2011.

Dated: November 16, 2011.                        s/ Joan N. Ericksen
                                                                        JOAN N. ERICKSEN
                                                                        United States District Judge